1  Chant Yedalian, State Bar No. 222325
   (chant@chant.mobi)
2  CHANT & COMPANY
   A Professional Law Corporation
3  1010 N. Central Ave.
   Glendale, CA 91202
4  Phone: 877.574.7100
   Fax: 877.574.9411
5  Counsel for Plaintiff
   Cirena Torres
6
   Lawrence M. Cirelli, State Bar No. 114710
7  (lcirelli@hansonbridgett.com)
   Mohammad Walizadeh, State Bar No. 233390
8  (mwalizadeh@hansonbridgett.com)
   HANSON BRIDGETT LLP
9  425 Market Street, 26th Floor
   San Francisco, CA 94105
10 Phone: 415.777.3200
   Fax: 415.541.9366
11 Counsel for Defendant
   Pet Extreme, Inc.
12

13

14                   UNITED STATES DISTRICT COURT

15                  EASTERN DISTRICT OF CALIFORNIA

16

17 CIRENA TORRES, on behalf of          )  Case No.: 1:13-cv-01778-LJO-SAB
   herself and all others similarly     )
18 situated,                            )  **JOINT NOTICE OF PROPOSED**
                                        )  **CLASS ACTION SETTLEMENT; AND**
19                         Plaintiff,   )  **REQUEST AND ORDER TO VACATE**
                                        )  **MAY 27, 2014 SCHEDULING**
20 v.                                   )  **CONFERENCE**
                                        )
21 PET EXTREME, INC., and DOES 1        )
   through 10, inclusive,               )  Date:  May 27, 2014
22                                      )  Time:  2:30 p.m.
                         Defendants.    )  Courtroom:  9 (6th Floor)
23                                      )
   ─────────────────────────────────────
24                                         Hon. Stanley A. Boone
                                           U.S. Magistrate Judge
25

26

27

28

1  TO THE HONORABLE COURT:

2  Plaintiff Cirena Torres and Defendant Pet Extreme, Inc., through their

3  respective counsel, hereby inform the Court that they have entered into a written and

4  signed Memorandum Of Understanding Of Settlement ("MOU") through which they

5  have agreed to a class-wide settlement of this action.

6  There are a few issues which the parties continue to work on.  Specifically,

7  the Parties' are working to prepare a long-form settlement agreement, including the

8  Short-Form Notice to the Settlement Class (and the locations within each store

9  where it will be placed), the Full Notice to the Settlement Class and the Claim Form.

10  The MOU requires the Parties' to work together and take all steps necessary and

11  appropriate to effectuate the settlement, and expressly states as follows:

12
13  "13.  **Cooperation to Effectuate Settlement.**
    The Parties agree to cooperate and take all steps necessary and
14  appropriate to effectuate the settlement.  This includes, consistent with
    the terms of this MOU, the Parties' agreement to work together in good
15  faith to prepare and sign a long-form settlement agreement, including the
    Short-Form Notice (and the locations within each store where it will be
16  placed), the Full Notice and the Claim Form, all of which are to be
    submitted to the court in connection with Torres' motion for preliminary
17  approval of the settlement.  The parties shall diligently work together to
    seek preliminary and final court approval of the settlement."

18  The MOU also provides that if the Parties cannot agree on these few issues,

19  the MOU shall nonetheless be fully enforceable by the Court and the Court shall
20
    resolve any such differences:
21

22  14.  **MOU Is Fully Enforceable, and any Disputes Shall Be Decided**
    **By Court.**
23  The Parties agree that this MOU shall be fully enforceable by the
    court.  To the extent that there is any disagreement in preparing a long-
24  form settlement agreement, including the Short-Form Notice (and the
    locations within each store where it will be placed), the Full Notice and
25  the Claim Form, the Parties agree that the court shall resolve any such
    differences and the court shall look to and use the terms of this MOU in
26  resolving any such differences.

27  Thus, the Parties' MOU is a fully enforceable class-wide settlement, subject to

28  the Court's approval.

1    Rule 23(e) of the Federal Rules of Civil Procedure requires the Court's

2  approval of all class action settlements.  Accordingly, Plaintiff will file a motion

3  seeking the Court's preliminary approval of the class settlement in this case.

4    The Parties continue to work together and they expect that a motion for

5  preliminary approval of the class action settlement will be filed in approximately

6  sixty (60) days.

7    In light of the Parties' class-wide settlement agreement subject to court

8  approval, the Parties' mutually request that the Court vacate the May 27, 2014

9  Mandatory Scheduling Conference (Dkt # 8 at p.2:18-25).

10

11  DATED:  May 9, 2014          CHANT & COMPANY
                                 A Professional Law Corporation
12
                                 By:   /S/ – Chant Yedalian  (as
13                                     authorized on May 9, 2014)
                                     Chant Yedalian
14                               Counsel for Plaintiff Cirena Torres

15

16  DATED:  May 9, 2014          HANSON BRIDGETT LLP

17                               By:   /S/ – Mohammad Walizadeh
                                     Lawrence M. Cirelli
18                                   Mohammad Walizadeh
                                 Counsel for Defendant Pet Extreme, In

19                               **ORDER**

20    FOR GOOD CAUSE APPEARING, IT IS ORDERED that the Mandatory

21  Scheduling Conference, currently set for May 27, 2014, at 2:30 p.m. in Courtroom

22  9, is vacated.  Plaintiff shall file her motion for preliminary approval of the class

23  action settlement within sixty (60) days of this Order.

24  IT IS SO ORDERED.

25

26  IT IS SO ORDERED.

27    Dated:   **May 12, 2014**

28                                 _____
                                   UNITED STATES MAGISTRATE JUDGE